DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

Richard Ewenstein (CABN 294649)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California 94102-3495
    Telephone: (415) 436-6842
    FAX: (415) 436-7234
    Richard.Ewenstein@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19-CR-487 SI |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| JIMMY C. MULLINS, | |
| Defendant. | |

On September 26, 2019, the United States charged defendant Jimmy C. Mullins by indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). This matter came before the Court for a detention hearing on November 21, 2019. Following the hearing, the Court found that the defendant posed a risk of non-appearance that could not be reasonably mitigated by any condition or combination of conditions and ordered him detained. Dkt. No. 12.

On April 20, 2020, the defendant filed a motion for temporary release from pretrial detention. Dkt. No. 34. On April 24, 2020, the Government filed an opposition to the defendant's motion. Dkt. No. 37. The Court held a hearing on the defendant's motion on April 28, 2020 at which all parties appeared by telephone. The defendant was present and represented by August Gugelmann. Assistant United States Attorney Richard Ewenstein appeared for the Government.

The defendant argued that the COVID-19 pandemic represented a changed circumstance since the first detention hearing and proposed his release with sureties and conditions. The Government opposed release on the basis that no condition or combination of conditions of release would reasonably assure the defendant's appearance or the safety of the community. Pretrial Services also opposed release on the basis that no condition or combination of conditions of release would reasonably assure the defendant's appearance or the safety of the community.

Upon consideration of all of the facts and proffers presented at the hearing, including the information contained in the Pretrial Services report, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably the defendant's appearance.  Despite the change in circumstances requiring people to shelter in place in the San Francisco bay area, the Court finds that the defendant's past history of repeatedly failing to comply with conditions of supervision cuts against his argument that he will comply with conditions of release.  The defendant has no specific risks that make him susceptible to infection at this time, and thus compassionate release is not warranted. Accordingly, the defendant must be detained pending trial in this matter.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i). The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted.  In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Given the nature of the crime alleged, as well as the history and characteristics of the defendant, the Court determines that, on the record before it, there is no condition or combination of conditions of

release that can reasonably assure the defendant's appearance. In particular, the Court notes the defendant's history of violations and non-compliance while under grants of supervision.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

DATED: April 30, 2020

_____
HONORABLE SALLIE KIM
United States Magistrate Judge